**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **WINTER ALEXANDER RIVADENEIRA URDIALES,**<br><br>Plaintiff,<br><br>*v.*<br><br>**WARDEN JAMAL JAMISON, et al.,**<br><br>Defendants. | **CIVIL ACTION**<br><br>**NO. 26-8049-KSM** |

**ORDER**

**AND NOW**, this 23d day of November 2026, upon consideration of Petitioner Winter Alexander Rivadeneira Urdiales's Petition for Writ of Habeas Corpus (Doc. No. 1), Respondents' Response to Petition for Writ of Habeas Corpus (Doc. No. 9), and Petitioner's Reply (Doc. No. 11), it is **ORDERED** that by **November 27, 2026**, the parties shall submit supplemental briefs on whether Petitioner is lawfully detained under 8 U.S.C. § 1225(b)(1), given that Petitioner was previously paroled.[1]

**IT IS SO ORDERED.**

/s/ Karen Spencer Marston
KAREN SPENCER MARSTON, J.

[1] The Court is aware of other district court decisions that have considered whether 8 U.S.C. § 1225(b)(1)—specifically, §§ 1225(b)(1)(A)(iii)—can be applied to a noncitizen who has already been paroled into the United States. *See, e.g.*, *Rodriguez-Acurio v. Almodovar*, 811 F. Supp. 3d 274 (E.D.N.Y. Nov. 28, 2025). While neither party specifically addresses it in their briefing, the Court finds it necessary to consider this argument to assess the lawfulness of Petitioner's detention. To the extent it is knowable, the Government should address why Petitioner was paroled in 2022 if he had in fact not expressed a fear of persecution and had a final order of expedited removal.